IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RICHARD KOPF, Federal District Judge, | ) ) | |
| | ) | |
| Defendant. | ) | |

　　Plaintiff Samar Akins ("Akins" or "Plaintiff") filed his Complaint (Filing No. 1) in this matter on November 5, 2014. He also filed a Motion for Leave to Proceed in Forma Pauperis (Filing No. 2). This matter is before the court for pre-service screening of the Complaint. For the reasons set forth below, the Complaint will be dismissed and Akins will not be permitted to proceed in forma pauperis in this matter.

## I.  SUMMARY OF COMPLAINT

　　Akins filed his Complaint against Senior United States District Court Judge Richard G. Kopf. The following is taken from Akins's Complaint:

> That I have filed several federal 1983 civil lawsuits against various county, city, and state officials alleging violations of my federal and civil rights ranging from discrimination to violations of the Uniform Landlord Tenant Act, and the lawsuits which Judge Koph [sic] has presided over have all resulted with the same ruling basicly [sic] saying that I haven't state a claim and giving me leave to amend my petitions. Basicly [sic] Judge Koph [sic] is saying that I dont [sic] have any Federal or civil rights because in all of my civil actions he did not recognize any of my federal claims.
>
> This in itself is a [sic] arbitrary and capricious act making a mockery of the judicial system. Judge Koph [sic] even went as far as to threaten me not to file any more federal suits in forma pauperis alleging I could possibly be

abusing the system because I filed in forma pauperis. Judge Koph [sic] discriminatory actions against me is based on my race, social economical status, and political beliefs also his actions have been in favor of all the white defendants in my lawsuits. Judge Koph [sic] most definitely treated me differently from other plaintiffs.

(Filing No. 1 at CM/ECF pp. 1-2.) As relief, Akins seeks $100,000 in damages. He also asks that all of his federal civil lawsuits be heard by a different judge. (Filing No. 1 at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to dra the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Akins seeks relief from a United States district court judge for violations of his "human rights" and for violations of the Fifth, Seventh, Eighth, and Fourteenth Amendments. (Filing No. [1 at CM/ECF p. 2](#).) However, Judge Kopf is immune from suit. It is apparent that the acts Akins complains of were taken in connection with the civil actions Akins filed in this federal district court.

A judge is immune from suit in all but two narrow sets of circumstances. *[Schottel v. Young](#)*, [687 F.3d 370, 373 (8th Cir. 2012)](#). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Akins argues in his Complaint that Judge Kopf is not entitled to judicial immunity because his actions were criminal when he "threaten[ed him] not to file any more civil lawsuits." (Filing No. [1 at CM/ECF p. 2](#).) The court takes judicial notice of the court records found in Case Number 4:14-cv-03153-RGK-PRSE. In an order dated July 31, 2014, Judge Kopf stated:

> A word of caution to Plaintiff: Plaintiff has filed eight civil actions in this court since January of 2014. He has filed three civil actions this week alone. (*See Akins v. Albers*, 4:14CV3150 (filed July 29, 2014); *Akins v. Officer Firell*, 4:14CV3151 (filed July 29, 2014); *Akins v. Wilson*, 4:14CV3153 (filed July 30, 2014).) The right of access to the courts is not absolute or unconditional. *See In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). Indeed, this court has the authority to enjoin a litigant who abuses the court system through vexatious and harassing litigation. *See, e.g., Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the court cautions Plaintiff of the rule that his right of access to the courts is not absolute and that he will not be allowed to abuse the legal system. If the

court determines at some later time that Plaintiff has abused the legal system, the court may impose sanctions and filing restrictions.

(Case No. 4:14-cv-03153-RGK-PRSE, Filing No. 5.)

Judge Kopf's word of caution to Akins was not an act in "clear absence of all jurisdiction." Further, it was clearly an action taken in his judicial capacity. As such, Judge Kopf is immune from suit in this matter. Moreover, to the extent Akins seeks judicial review of Judge Kopf's decisions, his avenue for relief is an appeal of Judge Kopf's decisions to the Eighth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that:

1. Akins's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied.

2. The Complaint is dismissed with prejudice on the grounds that it seeks relief against a defendant who is immune from suit.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of November, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.